PER CURIAM:
The claimants, Camellia J. Roupe and Charles W. Roupe, brought this wrongful death action as administrators of the estate of Casie Renee Roupe, their daughter, who died in a single vehicle accident on November 3, 1992. The claimants contend that the death of Ms. Roupe was caused by the respondent’s negligent design, installation and maintenance of the guardrail adjacent to the southbound lane of Interstate 79 near the boundary between Harrison and Lewis Counties. For these reasons, the claimants allege that the respondent is liable-for the death of Ms. Roupe, and they seek an award of $1,000,000.00. - The respondent contends that Ms. Roupe was intoxicated when the *141 accident occurred, and that her intoxicated condition was the proximate cause of the accident.
On November 3, 1992, at approximately 5:45 a.m., Ms. Roupe, age 18, was driving south on Interstate 79 near mile post 106 in a 1988 Ford Tempo when her vehicle traveled into the median and struck the breakaway cable terminal section of a guardrail. Photographs of the accident indicated that the endpoint of the guardrail penetrated the side of the vehicle and struck Ms. Roupe resulting in her death.
A blood sample was taken from Ms. Roupe shortly after the accident, and a gas chromatograph test was performed on the sample by Dr. Donnell K. Cash, a toxicologist for the office of the Chief Medical Examiner for the State of West Virginia. The test results indicated that Ms. Roupe’s blood alcohol content was 0.21% at the time of her death. Dr. Cash testified that this level of intoxication was more than double the legal limit for operating a motor vehicle. Dr. Cash also noted that a blood alcohol content of 0.21 % could cause a decrease in reaction time, reduced visual acuity, dizziness, incoordination, and slurred speech.
The accident was investigated by Deputy lames Singleton of the Harrison County Sheriffs Department. Deputy Singleton arrived at the scene of the accident at approximately 6:09 a.m. His investigation revealed that: (1) the accident occurred along a straight section of road; (2) Ms. Roupe’s vehicle traveled off the pavement approximately 238 feet before it struck the guardrail; and (3) the guardrail was located in the median approximately 15 feet from the edge of the pavement. Based on Deputy Singleton’s inspection of the accident scene, he was unable to determine why the accident occurred.
Although the respondent has a duty to use reasonable care and diligence in maintaining its roads, it is not an insurer of the safety of motorists. In order to establish liability on behalf of the respondent, a claimant must prove by a preponderance of the evidence: (1) the existence of a defective road condition; (2) that the defective road condition was the proximate cause of the damage; and (3) that the respondent had notice of the defect, but failed to take corrective action within a reasonable amount of time.
After a careful review of the evidence, the Court finds that the claimants failed to establish through competent evidence that the respondent was negligent in the design,' installation, and maintenance of the guardrail in place at the scene of the accident, and, further, that the claimants have not met the burden of proof required to establish liability for the accident involved in this claim. Therefore, the claim must be denied.
Claim disallowed.